# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TOM SHAY,** <br><br> Plaintiff, <br><br> v. <br><br> **LIFTING GEAR HIRE, CORP.,** <br><br> Defendant. | No. 12 C 1687 <br><br> Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tom Shay brings this action against his former employer, Defendant Lifting Gear Hire, Corp. ("Lifting Gear"), alleging Lifting Gear discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA") and retaliated against him for his complaints about age discrimination. Lifting Gear now brings a motion to compel, arguing that Shay has failed to respond to discovery requests concerning his employment since his termination from Lifting Gear. For the reasons stated below, the Court grants in part and denies in part the motion to compel.

## I. BACKGROUND

Tom Shay worked as a Regional Sales Manager for Lifting Gear from April 2005 until December 2010. In his complaint, Shay alleges that Lifting Gear passed him over for a promotion in favor of a younger, less-qualified worker; and that, after he complained about the promotion decision as discriminatory, the company fired him.

1

Shay currently operates his own business, Hoisting-Rigging Equipment Rentals, Inc. ("HRERI").

On June 15, 2012, Lifting Gear served Shay with interrogatories and document requests, some of which sought information concerning Shay's employment since his December 8, 2010 termination. Shay has, in large part, refused to respond to those requests, asserting that they are "unduly burdensome," "irrelevant," "an invasion of privacy," etc. The three requests at issue, Shay's initial responses / objections, and Shay's subsequent responses (as expressed in a meet & confer letter) are condensed below:

### Interrogatory No. 8

Identify every employer by whom Plaintiff has been employed (other than Defendant) from December 9, 2010 to the present….

Plaintiff's Initial Response: Plaintiff objects to Interrogatory No. 8 as overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and as violating the collateral source rule. Subject to and without waiving said objection, Plaintiff's corporation, Hoisting-Rigging Equipment Rentals, Inc.

Plaintiff's Supplemental Response from 9/26/12 Letter: Plaintiff maintains that his answer to Interrogatory No. 8 is complete. Nonetheless, Plaintiff further states that he has owned Hoisting-Rigging Equipment Rentals, Inc. since approximately August of 2011 and has not received any income from this position.

### Document Request No. 20

For the period from December 8, 2008 through the present, all documents relating to Plaintiff's efforts to obtain employment, including but not limited to employment applications or inquiries Plaintiff has made (including any logs, diaries or any other records of such inquiries kept by Plaintiff or on behalf of Plaintiff) and documents submitted to or received from third parties.

Plaintiff's Initial Response: Plaintiff objects to Request No. 20 as overly broad, unduly burdensome, and an invasion of privacy. Subject to and without waiving

2

said objection, Plaintiff states he provided IDES his resume to keep on file for any job opportunities through their employment services.

Plaintiff's Supplemental Response from 9/26/12 Letter: Plaintiff maintains his answer and objections and further clarifies that all documents have been produced responsive to these requests.

**Document Request No. 39**

All documents related to the start-up or forming of Plaintiff's corporation, Hoisting-Rigging Equipment Rentals, Inc., created on or before December 8, 2010.

Plaintiff's Initial Response: See documents filed with the Illinois Secretary of State.

Plaintiff's Supplemental Response from 9/26/12 Letter: Regarding Defendant's request for all documents related to the start-up or forming of Plaintiff's corporation, Hosting-Rigging Equipment Rentals, Inc., Plaintiff simply referred Defendant to the Secretary of State website for the public information regarding Hoisting-Rigging Equipment Rentals, Inc. Moreover, Plaintiff further objects to this request as an invasion of privacy, irrelevant, and not germane to the instant claims and further refers Defendant to Interrogatory No. 8 ….

On November 1, 2012, Lifting Gear filed a motion to compel, arguing that Shay should be ordered to turn over information concerning his post-termination employment and the founding of HRERI. Lifting Gear argues that those materials are discoverable, because they relate to (1) Shay's efforts to mitigate his alleged damages; (2) calculation of Plaintiff's alleged damages; and (3) Lifting Gear's after-acquired evidence defense.

On November 8, 2012, following brief argument of the parties, the Court overruled Shay's objections to Interrogatory No. 8 and Document Request No. 20. As stated in Court, information concerning Shay's post-termination earnings bears on the issue of mitigation and, therefore, must be produced. Pursuant to that ruling,

3

Shay is obligated to produce all of his personal W-2 and tax return statements, (Dkt. 25 at 5, note 4), and any other responsive documents.

The Court reserved ruling on the issue of whether Lifting Gear is also entitled to discovery concerning the establishment of Shay's business. The parties have filed opposing briefs, and the Court is now prepared to rule on the issue.

## II. DISCUSSION

Lifting Gear has moved the Court to compel production of *any* documents relating to Shay's start-up, irrespective of their date,[1] as relevant to Lifting Gear's (1) after acquired evidence defense; or (2) failure to mitigate defense. (Dkt. 16 at 5).

### A. After acquired evidence defense

After terminating a plaintiff employee, an employer may learn that the plaintiff violated work rules that would have resulted in the plaintiff's termination if known to the employer before the lawsuit. This is called "after-acquired evidence." *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995). Such evidence "does not bar all relief, although it can limit recoverable damages." *Rooney v. Koch Air, LLC*, 410 F.3d 376, 382 (7th Cir. 2005). In particular, the plaintiff may not be entitled to reinstatement or front pay if the defendant can show that "the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon*, 513 U.S. at 362–63.

---

[1] Defendants expanded this request to include all documents, *regardless of date,* by Mr. Herring's letter dated September 18, 2012. (Dkt. 16-6 at 2).

4

Lifting Gear relies on a passage of its employee handbook providing that, if Shay started his business while employed at Lifting Gear *and* used Lifting Gear's time or resources to do so, he could have been fired:

> The following may result in disciplinary action, up to and including discharge: violation of the corporation's policies or safety rules; insubordination; . . . *performing outside work or use of corporation property, equipment or facilities in connection with outside work while on corporation time*; poor attendance or poor performance.

(Dkt. 26 at 4-5 (emphasis added)). In response, Shay argues that he did not start his business until the summer of 2011 and, therefore, there are no documents concerning the start-up of his company predating December 8, 2010.

Lifting Gear's basis to explore whether Shay founded HRERI while still employed arises from a misreading of a record from Shay's purchase of HRERI's internet domain name. The document indicates that the domain name was purchased on "07-Jul-11," which Lifting Gear reads as July 11, 2007. (Dkt. 16 at 9 and Ex. 9). It is clear from the context of the document, however, that "07-Jul-11" should instead be read as July 07, 2011 (seven months after Shay's termination).[2] Moreover, Shay has provided a business record establishing that he purchased the domain name on "7/7/2011." (Dkt. 25-1).

There is simply no basis on which to explore whether Shay began HRERI prior to his termination, and his after-termination conduct is irrelevant to Defendant's after-acquired evidence defense. *See Liles v. Stuart Weitzmann, LLC,* No. 09-61448-

---

[2] The expiration date for the domain name is listed as "07-Jul-21." If, as Lifting Gear suggests, the final two digits represented the day, rather than the year, the domain name would expire in only 10 days. That defies common sense – there would be little reason to register a website domain name for such a brief time period.

CIV, 2010 WL 1839229, at *2 (S.D. Fla. May 6, 2010) (defendant's after-acquired evidence defense did not entitle it to materials about plaintiff's activities outside the term of his employment with defendant); *Woods v. Fresenius Med. Care Grp. of N. Am.*, No. 1:06-cv-1804, 2008 WL 151836 (S.D. Ind. Jan. 16, 2008) (same); *Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437, 2007 WL 2786421, at *2 (D.Conn. Sept. 25, 2007) (same).

**B. Failure to mitigate defense**

Lifting Gear also argues that information concerning Shay's start-up business is discoverable because it is potentially relevant to its failure to mitigate damages defense. In cases where a plaintiff becomes self-employed following an allegedly discriminatory discharge, the defendant employer can still establish that plaintiff failed to mitigate damages, but only in limited circumstance. The defendant must show that plaintiff's decision to become self-employed was not a "reasonable method" of obtaining an income, or that plaintiff did not make a "good faith exercise of diligence" in getting his business off the ground. *Smith v. Great Am. Rests., Inc.,* 969 F.2d 430, 433-34 (7th Cir. 1992); *see also EEOC v. EMC Corp. of Mass.,* 205 F.3d 1339 (Table), at *13 (6th Cir. 2000) ("a [self-employed] employee is not required to go to heroic lengths in attempting to mitigate her damages, but only to take reasonable steps to do so") (internal citation omitted).

Thus, information concerning the start-up of Shay's business may be relevant to Lifting Gear's failure to mitigate damages defense. Shay must produce any

documents within his possession or control concerning his decision to start his own business so that Lifting Gear may assess the reasonableness of that decision.

### III. CONCLUSION

Neither party has described what documents regarding HRERI exist. For the reasons described above, the Court DENIES the Motion with respect to documents related to Shay's start-up business that are unrelated to mitigation, and GRANTS Lifting Gear's Motion to Compel with respect to documents related to the reasonableness of Shay's decision to start his own business as a means to mitigate his damages. Any such documents are to be produced for Attorney's Eyes Only within 30 days of the date of this Order.

E N T E R:

Dated: December 21, 2012

MARY M. ROWLAND
United States Magistrate Judge